IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00380-BNB

KEITH LEROY STEELE,

Applicant,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 5 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO SUPPLEMENT APPLICATION

---

Applicant, Keith Leroy Steele, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Steele has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Steele is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Steele will be ordered to supplement the application with additional information.

Mr. Steele is challenging in this action the validity of his conviction and sentence in Mesa County District Court case number 01-CR-1217. Mr. Steele alleges that he was convicted pursuant to a guilty plea and that he was sentenced to a total of twenty-eight years in prison.

The court has reviewed Mr. Steele's habeas corpus application and finds that additional information is necessary to determine whether the application is timely filed pursuant to 28 U.S.C. § 2244(d). Mr. Steele alleges in the application that he did not file a direct appeal. He does allege that he filed a postconviction Rule 35(b) motion in the trial court on April 20, 2003, that was denied on June 5, 2003. Although Mr. Steele alleges that he appealed from the denial of the Rule 35(b) motion to the state's highest court, he does not allege when the state appellate courts entered their decisions regarding that appeal. Furthermore, although Mr. Steele does not allege that he filed any other state court postconviction motions, he makes a brief reference to a postconviction Rule 35(c) motion in the application. Assuming he did file a postconviction Rule 35(c) motion, he fails to allege when that motion was filed, when it was denied, whether he appealed from the denial of the motion, and when the state courts decided his appeal.

Therefore, because it is not clear how many state court postconviction motions Mr. Steele filed or the time during which the postconviction motion or motions were pending in state court, Mr. Steele will be directed to file a supplement to the application. In the supplement, Mr. Steele must specify for each postconviction motion he filed the date on which it was filed, when it was denied, and when the state appellate courts issued any decisions in connection with the postconviction motion. Accordingly, it is

ORDERED that Mr. Steele file **within thirty (30) days from the date of this order** a supplement to the habeas corpus application that provides the information requested in this order. It is

FURTHER ORDERED that if Mr. Steele fails to file a supplement to the habeas

corpus application that provides the information requested in this order within the time allowed, the action will be dismissed without further notice.

DATED March 5, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00380-BNB

Keith Leroy Steele
Prisoner No. 113989
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/5/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk