IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 03 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00380-BNB

KEITH LEROY STEELE,

Applicant,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant Keith Leroy Steele is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Steele initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Mesa County District Court case number 01CR1217. On March 5, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Steele to supplement the application with additional information. On April 2, 2008, Mr. Steele filed his supplement. On April 18, 2008, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On April 24, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period. On May 9, 2008, Mr. Steele filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Steele liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Steele was convicted in 2002 pursuant to his guilty plea in the Mesa County District Court. On July 11, 2002, he was sentenced to a total of twenty-eight years in prison. Mr. Steele did not file a direct appeal. On April 30, 2003, Mr. Steele filed in the trial court a postconviction motion ro reconsider his sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. The trial court denied the Rule 35(b) motion on June 12, 2003, and Mr. Steele filed a notice of appeal. On April 28, 2005, the Colorado Court of Appeals affirmed the denial of the Rule 35(b) motion. Mr. Steele did not seek review in the Colorado Supreme Court and the appellate court's mandate issued on July 1, 2005.

On July 7, 2005, Mr. Steele filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied. On May 31, 2007, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. On September 17, 2007, the Colorado Supreme Court denied Mr. Steele's petition for writ of certiorari in connection with the Rule 35(c) motion and the mandate issued on September 21, 2007. The Court received the instant action for filing on February 19, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Steele's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Steele had forty-five days to file a notice of appeal after he was

sentenced on July 11, 2002. As a result, the Court finds that Mr. Steele's conviction became final on August 26, 2002[1]. The Court also finds that the one-year limitation period began to run on August 26, 2002, because Mr. Steele does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

Respondents concede that the one-year limitation period was tolled while the two postconviction motions Mr. Steele filed were pending in state court and the Court agrees. Therefore, the period from April 30, 2003, when the Rule 35(b) motion was filed, through July 1, 2005, when the mandate in the Rule 35(b) proceedings was issued, does not count against the one-year limitation period. Likewise, the period from July 7, 2005, when the Rule 35(c) motion was filed, through September 21, 2007, when the mandate in the Rule 35(c) proceedings was issued, also does not count against the one-year limitation period.

However, the 246 days after the judgment of conviction became final on August 26, 2002, and before the Rule 35(b) motion was filed on April 30, 2003, count against the one-year limitation period. In addition, the gap of five days from July 2 through July 6, 2005, the time between the two postconviction motions, counts against the one-year limitation period. Finally, the 150 days after September 21, 2007, when the Rule 35(c) proceedings concluded, and prior to February 19, 2008, when the instant action was

---

[1] Respondents assert that Mr. Steele's conviction became final on August 25, 2002. However, that date fell on a Sunday.

filed, also count against the one-year limitation period. As a result, the Court finds that a total of 401 days count against the one-year limitation period and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Steele argues in his reply to Respondents' Pre-Answer Response that this action is not barred by the one-year limitation period because he actually filed his habeas corpus application on October 26, 2007. The Court notes that the date of October 26, 2007, refers to a prior habeas corpus action filed by Mr. Steele, **see Steele v. Zavaras**, No. 07-cv-02275-ZLW (D. Colo. Dec. 10, 2007), and not to any document filed in the instant action. Mr. Steele also asserts that, if the Court does not adopt the October 26, 2007, date as the filing date for the instant action, he can demonstrate a justifiable excuse or excusable neglect for not filing the instant action until February 2008. The Court will consider the arguments raised by Mr. Steele in his reply in the context of equitable tolling.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. **See id.** Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. **See Miller**,

141 F.3d at 978. Finally, Mr. Steele bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Steele is correct that he filed a prior habeas corpus application in October 2007 challenging the validity of the same conviction he is challenging in the instant action. He also is correct that the habeas corpus application filed in October 2007 and opened as case number 07-cv-02275-ZLW would have been timely. However, the Court dismissed case number 07-cv-02275-ZLW on December 10, 2007, because Mr. Steele failed to cure the deficiencies in that action. More specifically, Mr. Steele failed to file an application for a writ of habeas corpus on the proper form. Mr. Steele was advised by an order filed on October 26, 2007, that the form he used to file his original habeas corpus application was not the Court's current form and he was allowed thirty days to cure that deficiency. Mr. Steele made no effort in case number 07-cv-02275-ZLW to comply with the Court's order to file his application for a writ of habeas corpus on the proper form. Mr. Steele did file a letter to the Court on January 29, 2008, in case number 07-cv-02275-ZLW asking that the case be reinstated. The Court construed the January 29 letter as a motion to reconsider and denied reconsideration.

Mr. Steele also filed another action in January 2008 challenging the validity of the same conviction he is challenging in this action. *See Steele v. Zavaras*, No. 08-cv-00129-ZLW (D. Colo. Mar. 3, 2008). Mr. Steele asserted his claims in case number 08-cv-00129-ZLW pursuant to 42 U.S.C. § 1983. Mr. Steele was ordered to cure the deficiencies in case number 08-cv-00129-ZLW by either paying the filing fee or filing a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

6

Case number 08-cv-00129-ZLW was dismissed after Mr. Steele failed to respond to the order directing him to cure the deficiencies.

The Court finds that Mr. Steele's efforts in 07-cv-02275-ZLW and 08-cv-00129-ZLW do not demonstrate either the existence of an extraordinary situation when circumstances beyond his control prevented him from filing a timely application for a writ of habeas corpus or diligent efforts to pursue his claims. Mr. Steele was given an opportunity to correct the defective habeas corpus pleading he filed in 07-cv-02275-ZLW. However, he made no effort to cure that deficiency or to communicate with the Court in any way for an extended period of time. Mr. Steele's assertion that his failure to cure the deficiency in 07-cv-02275-ZLW was caused by a justifiable excuse or excusable neglect is not sufficient to support equitable tolling. **See Gibson**, 232 F.3d at 808. Therefore, the Court finds that Mr. Steele has failed to demonstrate that equitable tolling is appropriate in this action and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 5 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00380-BNB

Keith L. Steele
Prisoner No. 113989
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/6/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk